# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK NOAH NORMAN, | ) |
| Plaintiff, | ) |
| vs. | ) CV 12-J-2136-S |
| TRACEY C. NORMAN, et al., | ) |
| Defendants. | ) |

### Memorandum Opinion

Pending before the court are defendants Chief Nicholas C. Derzis and Captain Janie Neill's motion to dismiss plaintiff's amended complaint (doc. 65), plaintiff's response to said motion (doc. 77), and defendants' reply (doc. 80). Having considered the foregoing, the court finds as follows:

### Factual Background[1]

This action involves the alleged actions of defendant Detective Lennie Sams, Jr., a detective employed by the Hoover Police Department, and defendant Tracey C. Norman. Amended Complaint ¶¶ 6 & 8 (doc. 61). Janie Neill is a Captain employed by the Hoover Police Department. *Id.* at ¶ 9. Nicholas C. Derzis is the Chief of Police for the Hoover Police Department and held that position at the time of the events made the basis of this lawsuit. *Id.* at ¶ 7. Derzis was the commanding officer of defendants Sams and Neill. *Id.*

Chief Derzis and Captain Neill are named as a defendants to Counts XVII and

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," therefore, the facts presented here, unless otherwise noted, are taken from the Amended Complaint (doc. 61). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

XVIII of the Amended Complaint pp. 31-37 (doc. 61). Count XVII is titled "Negligent and Inadequate Training and Supervision by Defendants Derzis, Neill and Rector." *Id.* at 31. Count XVIII is titled "Deliberate Indifference Through Custom by Defendants Derzis, Neill and Rector." *Id.* at 34.

Count XVII alleges that Chief Derzis is sued "both individually and in his capacity as Chief of Police." *Id.* at ¶ 124. With respect to Captain Neill, Count XVII alleges that she is sued "individually and in [her] capacit[y] as [a] supervising police officer[]." *Id.* at p. 31. Count XVIII alleges that "[t]he standard disciplinary review process in the Hoover Police Department is so inadequate and subjective in nature that it amounts to deliberate indifference to the rights of citizens with whom the Defendants come into contact." *Id.* at 37.

## Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "In order for the plaintiff to satisfy his

'obligation to provide the grounds of his entitlement to relief,' he must allege more than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1964-65).

## Legal Analysis

Plaintiff's amended complaint names Defendants Derzis and Neill in their official and individual capacities. Defendants have moved to be dismissed from this suit because plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted. Plaintiff responds that the complaint is sufficient to state a claim under 42 U.S.C. § 1983 against the defendants in their official and individual capacities.

### I. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against defendants Neill and Derzis in their official capacities.

Defendants correctly assert that suits against municipal officials in their official capacity are the functional equivalent of suits against a municipality itself. *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). Defendants further assert that this court's previous dismissal of the City of Hoover[2] also necessarily dismissed all

---

[2]The court previously dismissed the City of Hoover in an order providing:

Pending before the court is defendant City of Hoover's motion to dismiss (doc. 3), to which the court allowed the plaintiff twenty-one days to respond. The deadline for such a response having passed, and no response having been received, the court takes the same as tacit agreement by the plaintiff that said motion is due to be granted. It is therefore **ORDERED** by the court that the City of Hoover's motion to dismiss be and hereby is **GRANTED**. Said defendant is **DISMISSED** from this action.

**DONE** and **ORDERED** this the 16th day of July, 2012.

official capacity claims, because those claims are the same. *See Benefield v. City of Albertville, Ala.*, 2013 WL 28051, at *1 (N.D. Ala. 2013) ("The official capacity claims against individuals were dismissed because they are the same as being against the City of Albertville."); *Johnson v. City of Canton, Ala.*, 2005 WL 1618557, at *2 (M.D. Ala. 2005) (dismissing all claims against the City of Canton and holding that "all remaining claims against [the individual defendants] in their *official capacities* are hereby dismissed with prejudice as such claims are in fact claims against the City of Canton") (emphasis in original). Plaintiff responds that the dismissal of the City of Hoover was not a dismissal based on the merits of the case and therefore cannot be a dismissal in favor of defendants Neill and Derzis in their official capacities.

Because the official capacity claims against defendants are the same as a claim against the City of Hoover, *see Busby*, 931 F.2d at 776, the question is whether the court's order granting the City of Hoover's 12(b)(6) motion and dismissing the City from this action was with, or without, prejudice. [T]he Supreme Court has clearly stated that '[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981). There was nothing in the courts order indicating that it was not with prejudice. The claims against defendants Neill and Derzis in their official capacities are therefore foreclosed under *Busby* and defendants motion to dismiss for failure to

---

(doc. 5) (emphasis in original).

state a claim against Neill and Derzis in their official capacities is due to be granted.

## II. Count XVII is not a Cognizable Claim under Alabama Law.

Count XVII is due to be dismissed as against Chief Derzis and Captain Neill, in their individual capacities, because it is not a cognizable claim under Alabama law. In *Smith v. City of Sumiton* the court stated:

> Plaintiffs' claims against Defendant Burnett for negligent retention, training and supervision are due to be dismissed because Alabama does not recognize a cause of action for a supervisor's negligent training or supervision of a subordinate. *See e.g., Doe v. City of Demopolis,* 799 F. Supp. 2d 1300, 1312 (S.D. Ala. 2011) ("Alabama law does not recognize a cause of action against a supervisor or municipality for negligent training or supervision."); *Ott v. City of Mobile,* 169 F. Supp. 2d 1301, 1314–15 (S.D. Ala. 2001) (dismissing a negligent retention, training, and supervision claim against a municipality because "Alabama recognizes no cause of action against a supervisor for negligent failure to supervise or train a subordinate...."). Accordingly, Plaintiff's claims for negligent retention, training, and supervision fail to state claim upon which relief can be granted and those claims are due to be dismissed.

2013 WL 122627, at *5 (N.D. Ala. 2013) (Proctor, J.). Count XVII is therefore due to be dismissed for failure to state a claim upon which relief can be granted.

## III. Count XVIII has failed to state a claim under 42 U.S.C. § 1983 against defendant Derzis in his individual capacity.

Count XVIII, is titled "Deliberate Indifference Through Custom by Defendants Derzis, Neill and Rector." Amended Complaint at 34 (doc. 61). Count XVIII repeatedly references alleged "policies," "practices" and "customs" of the Hoover Police Department. (*See*, *e.g.*, *Id.* at ¶¶ 136 & 137.) Count XVIII further alleges that Derzis "institutionalized and ratified the misconduct of Detective Sams" by failing

to properly train and/or supervise City of Hoover police officers and by failing to implement policies or procedures designed to deter Detective Sams' alleged conduct. *See Id.* at ¶ 136. The plaintiff alleges Neill "tolerated, institutionalized and ratified the misconduct of Detective Sams by" failing to properly train and supervise him, and by failing to perform an investigation of the plaintiff's alleged complaints. *Id.* at ¶¶ 138 & 139.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, supervisory liability under § 1983 only attaches "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.*

A causal connection for purposes of supervisory § 1983 liability may be established in three ways:

> A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007).

6

Plaintiff has alleged that "[o]n or about September 13, 2010, Mr. Norman informed Detective Sams' superior officer, Captain Neill (then Lieutenant Neill) about his suspicions and requested an investigation. Mr. Norman avers that Neill took no action and conducted no investigation. Neill demonstrated complete and total indifference to Detective Sams behavior and to whether such behavior even occurred." Amended Complaint at ¶ 19 (doc. 61). Plaintiff further alleges that Neill "conspired to conceal [his] actions and inactions from the Plaintiff, and further attempted to intimidate the Plaintiff from pursuing any claims against Detective Sams." *Id.* at ¶ 23. At this stage, plaintiff's allegations are sufficient to allege a causal connection or that Neill personally participated in the unconstitutional conduct, therefore, plaintiff's Count XVIII claim against Neill is not subject to dismissal. *See also Bd of Cnty. Comm'rs of Bryan Cnty, Okla v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference exists when supervisor disregards a known or obvious consequence of his action).

Neill asserts that she is entitled to qualified immunity on plaintiff's section 1983 claims. "To invoke qualified immunity, an official must first show that he was acting within his discretionary authority when the alleged violation occurred." *Depalis-Lachaud v. Noel*, 2013 WL 336359, at *3 (11th Cir. 2013) (citing *Courson v. McMillan*, 939 F.2d 1479, 1487 (11th Cir. 1991)). "An official may show that an act was within his discretionary authority merely by showing that the acts "(1) 'were

7

undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1189 (M.D. Ala. 1999) (quoting *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994)). Assuming that plaintiff's allegation of conspiring to conceal actions and intimidation are true, as the court must in a motion to dismiss, defendant Neill has not established that she was acting within her discretionary authority. Neill is therefore not entitled to qualified immunity at this stage.

Plaintiff has not alleged sufficient facts to establish that defendant Derzis personally participated in the alleged unconstitutional conduct or that there is a causal connection. Plaintiff has stated that defendant Derzis institutionalized and ratified the conduct of Detective Sam's, failed to train and supervise, and implemented a policy of practice that allowed Detective Sam's conduct. Amended Complaint pg 34-37 (doc. 61). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff has only plead a "recitation of the elements of a cause of action" against Derzis and has failed to plead any facts that support a claim for supervisory liability against Derzis. Derzis is, therefore, due to be dismissed in his individual capacity.

## Conclusion

Thus defendants' motion is due to be granted with respect to Chief Nicholas C. Derzis both in his official and individual capacity; Count XVII and XVIII are dismissed against Chief Derzis. Defendants' motion is due to be granted with respect to Captain Janie Neill in her official capacity and Count XVII is dismissed against Captain Neill. Defendants' motion to dismiss Count XVIII against Captain Neill in her individual capacity is due to be denied. The court shall so order by Separate Order.

**DONE** and **ORDERED** this 13th day of March 2013.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE