FILED
2013 Apr-22  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICK NOAH NORMAN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 12-J-2136-S |
| TRACEY C. NORMAN, et al., | ) | |
| Defendants. | ) | |

### Memorandum Opinion

Pending before the court is defendant Captain D. Gregg Rector's motion to dismiss plaintiff's amended complaint (doc. 83), brief in support of said motion (doc. 84), and plaintiff's response in opposition (doc. 86). Having considered the foregoing, the court finds as follows:

### Factual Background[1]

This action involves the alleged actions of defendant Detective Lennie Sams, Jr., a detective employed by the Hoover Police Department, and defendant Tracey C. Norman. Amended Complaint ¶¶ 6 & 8 (doc. 61). Gregg Rector is a Captain employed by the Hoover Police Department. *Id.* at ¶ 10.

Captain Rector is named as a defendant to Counts XVII and XVIII of the Amended Complaint pp. 31-37 (doc. 61). Count XVII is titled "Negligent and Inadequate Training and Supervision by Defendants Derzis, Neill and Rector." *Id.* at

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," therefore, the facts presented here, unless otherwise noted, are taken from the Amended Complaint (doc. 61). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

31. Count XVIII is titled "Deliberate Indifference Through Custom by Defendants Derzis, Neill and Rector." *Id.* at 34.

Count XVII states Captain Rector is sued "individually and in [his] capacit[y] as [a] supervising police officer[]." *Id.* at p. 31. Count XVIII alleges that "[t]he standard disciplinary review process in the Hoover Police Department is so inadequate and subjective in nature that it amounts to deliberate indifference to the rights of citizens with whom the Defendants come into contact." *Id.* at 37.

## Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "In order for the plaintiff to satisfy his 'obligation to provide the grounds of his entitlement to relief,' he must allege more than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Twombly*,

2

127 S.Ct. at 1964-65).

## Legal Analysis

Plaintiff's amended complaint names defendant Rector in his official and individual capacity. Defendant has moved to be dismissed from this suit because plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted. Plaintiff responds that the complaint is sufficient to state a claim under 42 U.S.C. § 1983 against the defendant in his official and individual capacity.

The court previously granted a motion to dismiss, (doc. 81), with respect to Count XVII and XVIII against defendant Chief Nicholas C. Derzis both in his official and individual capacity. Memorandum Opinion dated March 13, 2013 (doc. 80). The court also dismissed Count XVII with respect to defendant Captain Neill in her official and individual capacity and dismissed Count XVIII against Captain Neill in her official capacity. *Id.*

### I. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against defendant Rector in his official capacity.

Defendant correctly asserts that suits against municipal officials in their official capacity are the functional equivalent of suits against a municipality itself. *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). Defendant further asserts that this court's previous dismissal of the City of Hoover[2] also necessarily dismissed all

---

[2]The court previously dismissed the City of Hoover in an order providing:

Pending before the court is defendant City of Hoover's motion to dismiss (doc. 3), to which the court allowed the plaintiff twenty-one days to respond. The deadline for such a response having passed, and no response having been received, the court takes

3

official capacity claims, because those claims are the same. *See Benefield v. City of Albertville, Ala.*, 2013 WL 28051, at *1 (N.D. Ala. 2013) ("The official capacity claims against individuals were dismissed because they are the same as being against the City of Albertville."); *Johnson v. City of Canton, Ala.*, 2005 WL 1618557, at *2 (M.D. Ala. 2005) (dismissing all claims against the City of Canton and holding that "all remaining claims against [the individual defendants] in their *official capacities* are hereby dismissed with prejudice as such claims are in fact claims against the City of Canton") (emphasis in original). Plaintiff responds that the dismissal of the City of Hoover was not a dismissal based on the merits of the case and therefore cannot be a dismissal in favor of defendant Rector in his official capacity.

Because the official capacity claim against defendant is the same as a claim against the City of Hoover, *see Busby*, 931 F.2d at 776, the question is whether the court's order granting the City of Hoover's 12(b)(6) motion and dismissing the City from this action was with, or without, prejudice. [T]he Supreme Court has clearly stated that '[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981). There was nothing in the courts order indicating that it was not with

---

the same as tacit agreement by the plaintiff that said motion is due to be granted. It is therefore **ORDERED** by the court that the City of Hoover's motion to dismiss be and hereby is **GRANTED**. Said defendant is **DISMISSED** from this action.

**DONE** and **ORDERED** this the 16th day of July, 2012.

(doc. 5) (emphasis in original).

prejudice. The claims against defendant Rector in his official capacity are therefore foreclosed under *Busby* and defendants motion to dismiss for failure to state a claim against Rector in his official capacity is due to be granted.

Plaintiff next discusses the doctrine of *res judicata*, contending that the official capacity claims against Captain Rector are not due to be dismissed by virtue of this doctrine. (*See* doc. 86, pp. 1-6). Plaintiff asserts, both in his brief and in a motion for reconsideration, (*see* doc. 87), that defendant failed to assert *res judicata* in a responsive pleading and therefore waived this defense under Federal Rule of Procedure 8(c). (doc. 86, p. 2). To support this assertion, plaintiff points to defendant's motions to dismiss the original complaint. *See* doc. 35 & 42. These motions were found moot because plaintiff filed an amended complaint. *See* doc. 58 & 60.

*Res judicata* has no applicability here, as it is "a doctrine of claim preclusion which operates to prevent litigation of matters that were raised or should have been raised in an earlier suit." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1377 (11th Cir. 2011) (quoting *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991)). In the instant matter, there is no "earlier suit," *id.*, and the doctrine of *res judicata* was never mentioned during any prior briefing. The doctrine has absolutely no bearing on the propriety of this court's earlier dismissal of the City of Hoover, the official capacity claims brought against Chief Derzis and Captain Neill, or defendant's motion to dismiss Captain Rector.

Plaintiff's argument appears to be that while the City of Hoover's dismissal was with prejudice, it was not a dismissal on the merits, and therefore this court should ignore controlling federal law precedent and allow him to bring official capacity claims in his Amended Complaint. The court dismissed the City of Hoover for plaintiff's failure to comply with the court's unequivocal order and respond to the City's 12(b)(6) motion. (doc. 5). The court then denied Plaintiff's motion for reconsideration of that dismissal. (doc. 9). This court was well within its discretion to dismiss the City of Hoover for plaintiff's failure to comply with its order and timely respond to the City's 12(b)(6) motion. *See*, *e.g.*, *Bell v. Florida Highway Patrol*, 476 F. App'x 856 (11th Cir. 2012). Plaintiff's argument is nothing more than a belated attempt to convince this court that he deserves a second bite at the apple with respect to suing the City of Hoover.

Plaintiff's response fails to set forth any cogent legal argument as to why the official capacity claims against Captain Rector should not be dismissed for the same grounds already set forth in this court's earlier memorandum opinion disposing of those claims against both Chief Derzis and Captain Neill. (doc. 81, pp. 3-5). The official capacity claims against Captain Rector are therefore due to be dismissed.

### II. Count XVII is not a Cognizable Claim under Alabama Law.

Count XVII is due to be dismissed as against Captain Rector, in his individual

capacity, because it is not a cognizable claim under Alabama law.[3] In *Smith v. City of Sumiton* the court stated:

> Plaintiffs' claims against Defendant Burnett for negligent retention, training and supervision are due to be dismissed because Alabama does not recognize a cause of action for a supervisor's negligent training or supervision of a subordinate. *See e.g., Doe v. City of Demopolis,* 799 F. Supp. 2d 1300, 1312 (S.D. Ala. 2011) ("Alabama law does not recognize a cause of action against a supervisor or municipality for negligent training or supervision."); *Ott v. City of Mobile,* 169 F. Supp. 2d 1301, 1314–15 (S.D. Ala. 2001) (dismissing a negligent retention, training, and supervision claim against a municipality because "Alabama recognizes no cause of action against a supervisor for negligent failure to supervise or train a subordinate...."). Accordingly, Plaintiff's claims for negligent retention, training, and supervision fail to state claim upon which relief can be granted and those claims are due to be dismissed.

2013 WL 122627, at *5 (N.D. Ala. 2013) (Proctor, J.). Count XVII is therefore due to be dismissed for failure to state a claim upon which relief can be granted.

### III. Count XVIII is sufficient to state a claim against Rector in his individual capacity.

Count XVIII, is titled "Deliberate Indifference Through Custom by Defendants Derzis, Neill and Rector." Amended Complaint at 34 (doc. 61). Count XVIII repeatedly references alleged "policies," "practices" and "customs" of the Hoover Police Department. (*See*, *e.g.*, *Id.* at ¶¶ 136 & 137.) The plaintiff alleges Rector "tolerated, institutionalized and ratified the misconduct of Detective Sams by" failing

---

[3]Plaintiff concedes that Count XVII is due to be dismissed "in so much as the court interprets it to pertain to the defendant's individual capacity." (Doc. 86, p.6.)

to properly train and supervise him, and by failing to perform an investigation of the plaintiff's alleged complaints. *Id.* at ¶¶ 138 & 139.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, supervisory liability under § 1983 only attaches "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id*.

A causal connection for purposes of supervisory § 1983 liability may be established in three ways:

> A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007).

> Plaintiff has alleged that

> On or about October 7, 2010, Mr. Norman met with Neill's superior officer, Captain Rector, and notified him in writing of Mr. Norman's claims of inappropriate behavior on the part of Detective Sams and again requested an investigation. Mr. Norman further provided Rector

8

with information which did or should have given Rector reasonable cause to believe that Detective Sams was having an inappropriate relationship with Mrs. Norman and/or that his relationship had otherwise become unprofessional. Mr. Norman alleges that on or about October 11, 2010, Rector refused to conduct an investigation, refused to speak to Mr. Norman's witness or to the Assistant District Attorney prosecuting Mrs. Norman, and refused to look at any further evidence against Detective Sams. Rector demonstrated complete and total indifference to Detective Sams behavior and to whether such behavior even occurred.

Amended Complaint at ¶ 23 (doc. 61). Plaintiff further alleges that Rector "conspired to conceal [his] actions and inactions from the Plaintiff, and further attempted to intimidate the Plaintiff from pursuing any claims against Detective Sams." *Id.* At this stage, plaintiff's allegations are sufficient to allege a causal connection or that Rector personally participated in the unconstitutional conduct, therefore, plaintiff's Count XVIII claim against Rector is not subject to dismissal. *See also Bd of Cnty. Comm 'rs of Bryan Cnty, Okla v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference exists when supervisor disregards a known or obvious consequence of his action).

Rector asserts that he is entitled to qualified immunity on plaintiff's section 1983 claims. "To invoke qualified immunity, an official must first show that he was acting within his discretionary authority when the alleged violation occurred." *Depalis-Lachaud v. Noel*, 2013 WL 336359, at *3 (11th Cir. 2013) (citing *Courson v. McMillan*, 939 F.2d 1479, 1487 (11th Cir. 1991)). "An official may show that an

act was within his discretionary authority merely by showing that the acts "(1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1189 (M.D. Ala. 1999) (quoting *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994)). Assuming that plaintiff's allegation of conspiring to conceal actions and intimidation are true, as the court must in a motion to dismiss, defendant Rector has not established that he was acting within his discretionary authority. Rector is therefore not entitled to qualified immunity at this stage.

## Conclusion

Defendant's motion is due to be granted with respect to Captain D. Gregg Rector in his official capacity and Count XVII is dismissed against Captain Rector. Defendant's motion to dismiss Count XVIII against Captain Rector in his individual capacity is due to be denied. The court shall so order by Separate Order.

**DONE** and **ORDERED** this 22nd day of April 2013.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE

10